PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID DEMASSIMO, | ) |
| Plaintiff, | ) CASE NO. 5:16CV1820 |
| v. | ) JUDGE BENITA Y. PEARSON |
| SAGAMORE HILLS TOWNSHIP, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 37] |

Defendants Sagamore Hills Township, Paul Schweikert, David Depasquale, John Zaccardelli, Bill Cuprak, and David Hayes have filed a Motion for Summary Judgment. ECF No. 37. Plaintiff David Demassimo has responded. ECF No. 44. Defendants have replied. ECF No. 45. For the reasons that follow, the Court hereby grants Defendants' Motion for Summary Judgment.

**I. Background**

The parties stipulated to the following facts[1]:

1. Plaintiff began employment with Sagamore Hills Township in 1994.

2. Throughout his employment, Plaintiff held the position of "Laborer" in the Road Department.

---

[1] *See* Stipulations. ECF No. 36.

(5:16V1820)

3. The Sagamore Hills Township Board of Township Trustees is the hiring authority for Laborers in the Road Department, and has sole authority to hire, fire, or impose discipline on Road Department employees.

4. One of the duties of Laborer in the Road Department includes driving and/or operating all Township vehicles.

5. During his employment, Plaintiff was one of four full time employees that worked for the Road Department.

6. During Plaintiff's employment, the Township employed one part time employee that worked in the Road Department.

7. Following Plaintiff's employment, the Township hired one additional part time employee to work in the Road Department.

8. Each Road Department employee is required to operate Township vehicles.

9. Plaintiff provided a letter to Sagamore Hills Township from his physician in June 2014 which stated: "David DeMassimo is currently undergoing medical evaluation for newly developed concerning symptoms. I recommend working maximum ten (10) hours per day during winter time."

10. The June 2014 letter from Plaintiff's physician was provided to Sagamore Hills Township attorney Jeff Snell.

11. Upon receipt of the June 2014 letter, Jeff Snell contacted Plaintiff's physician seeking additional information regarding the "concerning symptoms" and provided the letter to the Township's property and casualty insurance agent.

12. On July 11, 2014, Plaintiff's physician authored a second letter that stated that Plaintiff experienced "symptoms of shortness of breath, chest pain and tightness that was proved exclusively while working during intense and long hours in the winter months plowing snow." The letter further stated that the "symptoms of chest discomfort and difficulties breathing were accompanied by a sense of panic, anxiety, lack of concentration with poor ability to make appropriate professional decisions during that time." It went on to state that: "Mr. DeMassimo describes that he feels incapacitated during these episodes and is extremely fearful of making an error that could harm him or others while operating his specialized vehicles in this compromised condition."

13. On November 24, 2014, Plaintiff was excluded from coverage under the Township's policy.

14. The named driver exclusion precluded Plaintiff from operating any of the Township's vehicles.

15. Due to the named driver exclusion, Plaintiff was unable to do the duties of his job that required driving or operating a motor vehicle.

16. At the time, Plaintiff had sick time available, and was put on leave from employment beginning in November 2014.

17. Plaintiff's attorneys, including Peter Mapley, worked with the Township attorney, Jeff Snell, to determine what options were available to remove the named driver exclusion and return Plaintiff to work.

(5:16V1820)

18. On December 3, 2014, Plaintiff's physician provided an additional letter to the Township stating that "Mr. DeMassimo has no driving restrictions, he has full ability to operate motor vehicle[s]."

19. On March 18, 201[5], Plaintiff's physician, in a letter to Peter Mapley, stated: "I recently received your letter with attached job descriptions for Mr. DeMassimo. In your letter you requested my verification regarding Mr. DeMassimo's mental and physical capability to perform his tasks. I reviewed all the listed seasonal items. In my opinion Mr. DeMassimo is capable to resume his professional duties as listed…"

20. On March 19, 2015, Mr. Kerr emailed the March 18, 2015 letter to Allen Jones, an underwriter for Cincinnati Insurance.

21. Plaintiff was to provide monthly written statements indicating that his medical conditions had not changed, that he had not experienced any issues with his driving, and to report any driving infractions.

22. Plaintiff would provide quarterly statements from his physician confirming that his medical condition had not changed and that he remained capable of conducting all of his duties for the Township.

23. Plaintiff was to be placed on a one-year probationary period.

24. The March 26, 2015 letter memorializing the agreement specifically noted that the Township was obligated to provide copies of the quarterly statements from Plaintiff's physician and any changes to Plaintiff's health status to the underwriter for a one-year period.

25. Plaintiff complied with the agreement though October of 2015.

(5:16V1820)

26. On October 1, 2015, Plaintiff's physician certified that there had been no change to his medical condition as required by the agreement.

27. In early November of 2015, Plaintiff presented the Township a letter from his physician, dated October 27, 2015, stating: "Mr. DeMassimo's anxiety and hypertension are well managed and [he] is otherwise in [a] good state of health. Among other reasons, abnormally long work hours and insufficient rest can trigger and exacerbate anxiety and blood pressure control. Therefore, I recommend that Mr. DeMassimo would benefit from a work schedule that limits his shifts to a maximum ten hours followed by ten continuous hours off between the shifts."

28. When the October 27, 2015 letter was received by Township attorney Jeff Snell, the letter was forwarded to Cincinnati Insurance through David Kerr.

29. Plaintiff was excluded from the Township's insurance policy by way of a named driver exclusion, which was effective either [sic] December 2015.

30. When Plaintiff was excluded from insurance coverage, he was prohibited from operating any vehicles for Sagamore Hills Township.

31. There were no jobs available in the Sagamore Hills Township Road Department whose job description did not involve the operation of Township vehicles in December 2015 through March 2016.

32. In December 2015, Plaintiff was placed on leave.

33. In March 2016, Plaintiff no longer had any leave time available and he was still excluded from coverage under the Township's property and casualty insurance policy.

(5:16V1820)

34. On March 14, 2016, Sagamore Hills Township Trustee Paul Schweikert introduced Resolution 16-16, "a Resolution to Terminate David F. DeMassimo."

36.[2] Each Trustee has testified that at the time that Resolution 16-16 was voted upon, he had no knowledge of the charge that Plaintiff had filed with the Equal Employment Opportunity Commission.

Plaintiff has filed a Complaint against Defendants, which he subsequently amended. ECF No. 12. In his opposition to Defendants' motion for summary judgment, Plaintiff asked that he be allowed to voluntarily dismiss Counts IV and V of his Amended Complaint, the claims for Retaliation Based on Disability Discrimination and Retaliation Based on Age Discrimination.[3] ECF No. 44 at PageID # 874. He opposes summary judgment on the only active claims remaining in the case, to wit: Counts I, II, and VI of Plaintiff's Amended Complaint—failure to accommodate, in violation of the Americans with Disabilities Act, 42 U.S.C.§ 12101, *et seq.*; wrongful termination, in violation of the ADA; and his state law claim of aiding and abetting. ECF No. 44 at PageID #: 877.

## II. Standard of Review

---

[2] Stipulation number 35 was blank on the parties' submission.

[3] On March 7, 2017, the Parties stipulated to the dismissal of Count III of the Amended Complaint, wrongful termination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ECF No. 31. On May 21, 2017, the Parties stipulated to the dismissal of Count VII, wrongful termination in violation of Ohio Rev. Code § 4113.52, as well as the dismissal of Defendants Cuprak and Hayes from Count VI, aiding and abetting in violation of Ohio Rev. Code § 4112.02(J). ECF No. 35.

(5:16V1820)

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* Johnson v. Karnes, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." Guarino v. Brookfield Twp. Trustees., 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." Cox v. Ky. Dep't. of Transp., 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to [whether] the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

(5:16V1820)

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.*

### III. Discussion

The Court will address each of the three active counts in turn.

**A. Wrongful Termination under the ADA**

When a plaintiff lacks direct evidence of disability discrimination, he may proceed under a burden shifting method of proof. Under this method, a plaintiff must first establish a *prima facie* case that includes five elements: (1) that plaintiff is disabled; (2) that plaintiff is otherwise qualified for the position, with or without reasonable accommodation; (3) that plaintiff suffered an adverse employment action; (4) that the employer knew or had reason to know of plaintiff's

8

disability; and (5) that the position remained open while the employer sought other applicants or replaced plaintiff. *Ferrari v. Ford Motor Company*, 826 F.3d 885, 891-92 (6th Cir. 2016) (citation omitted). If the plaintiff establishes the *prima facie* case, the burden shifts to the defendant to offer a legitimate reason for the adverse action. *Id.* at 891 (citation omitted). Upon satisfaction of this burden, the burden shifts back to the plaintiff to produce evidence that the defendant's proffered reason was pretextual. *Id.* (citation omitted).

In this case, Defendants argue that Plaintiff cannot make a *prima facie* case. He fails to prove that (1) he was disabled, (2) qualified for the position, and (3) he suffered an adverse action due to his disability. ECF No. 37-1 at PageID #: 253. The Court will begin by analyzing the argument related to whether Plaintiff was qualified for the position, because that issue is outcome determinative.

The issue of whether Plaintiff was qualified for the position hinges on Plaintiff's insurability to drive Township vehicles.[4] Defendants argue that Plaintiff's exclusion from the Township's coverage prohibited Plaintiff from driving Township vehicles, and, thus, rendered him unqualified for any position in the road department. *Id*. at PageID #: 250. Plaintiff acknowledges that "[t]he issue of [Plaintiff]'s insurability is the only one that goes to his qualification. ECF No. 44 at PageID #: 889. Plaintiff contends that the Township "unilaterally" decided to "pull ... [his] motor vehicle coverage." *Id.* at PageID #: 889-90.

---

[4] Plaintiff concedes that "[n]o fact is more critical to the disposition of this case than whether [Plaintiff] was qualified." ECF No. 44 at PageID #: 889.

(5:16V1820)

Plaintiff's argument that the Township, not the insurance carrier, removed Plaintiff from the insurance fails. The record does not demonstrate that Township officials made the decision to exclude Plaintiff from the coverage. Plaintiff points to the testimony of the town's insurance agent, David Kerr, to support the proposition that Kerr directed the insurer to exclude Plaintiff from coverage, but that argument holds no weight for two reasons. First, although Kerr testified that he directed Cincinnati Financial to remove Plaintiff from coverage, he also testified that the insurance company had the final say on the issue. ECF No. 42 at PageID #: 697-98. Second, even assuming Kerr made the decision to exclude Plaintiff, it does not change the analysis, because he is not a Township employee; he is a private insurance agent who runs his own business. *See* id. at PageID #: 668-69. Moreover, Jeffrey Snell, the Township's attorney testified that neither he nor anyone else from the Township requested the exclusion of Plaintiff from the township's insurance policy. ECF No. 41 at PageID #: 537.

Plaintiff's exclusion from the Township's insurance means that he lacks a necessary qualifications for the position. As the parties have stipulated, "[e]ach Road Department employee is required to operate Township vehicles," (ECF No. 36 at PageID #: 231), and Plaintiff's exclusion from insurance coverage means that he cannot operate Township vehicles. *Cf. Sanabria v. Germain Motor Co.*, 4-CV-508, 2005 WL 2313950, at *3 (S.D.Ohio 2005) (holding that plaintiff failed to meet minimum qualifications for the position of auto consultant because he was not insurable under defendant's automobile insurance policy).

Plaintiff argues that with an accommodation—that is, shifts capped at ten hours with a ten hour break between shifts—he would have been otherwise qualified for the position. ECF No.

10

(5:16V1820)

44 at PageID #: 890. Even with this accommodation, however, Plaintiff could not perform the basic functions of the job, because he was excluded from insurance coverage. *Cf. Williams v. AT&T Mobility Services LLC*, 847 F.3d 384, 391-92 (6th Cir. 2017) (holding that, even with accommodation for anxiety, plaintiff lacked qualifications for position, due to frequent absenteeism).

Additionally, the parties dispute whether Plaintiff qualified as disabled. Without delving into the other two ways an individual can qualify as disabled, the facts show that Defendants regarded Plaintiff as disabled. An employee is regarded as disabled when either (1) the employer mistakenly believed that the employee has a substantially limiting impairment or (2) the employee has a non-limiting impairment that the employer believed to be substantially limiting. *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 451 (6th Cir. 2007). The Township's actions amounted to regarding Plaintiff as disabled. By way of example, Snell testified that he found Plaintiff's purported issues to be "pretty concerning," and he felt it prudent to alert the Township's insurance carrier. ECF No. 41 at PageID #: 527-28.

Although Plaintiff does not make out a *prima facie* case, the Court holds that, even assuming that he had, Defendants have offered a legitimate reason for terminating Plaintiff, and Plaintiff, in turn, has not shown Defendants' reason to be pretextual. Defendants argued that the Township terminated Plaintiff because it had no work for him to do, as he could not drive Township vehicles due to lack of insurance coverage. ECF No. 37-1 at PageID #: 253-54. Plaintiff has not put forward evidence that shows that this was pretextual. As discussed above,

(5:16V1820)

the insurance carrier made the decision to exclude Plaintiff from coverage. Although Plaintiff contends that this was Defendants' doing, the record does not support that argument.

Therefore, because Plaintiff does not meet the minimum qualifications for the job, he does not satisfy his *prima facie* burden, and his disability discrimination claim fails.

### B. Failure to Accommodate

Much like with the disability discrimination claim, a plaintiff may also proceed using a burden-shifting framework to prove failure to accommodate. To establish a *prima facie* case for a failure to accommodate claim, a plaintiff must show five elements: (1) that plaintiff is disabled; (2) that plaintiff is otherwise qualified for the position, with or without reasonable accommodation; (3) that the employer knew or had reason to know of the disability; (4) that plaintiff requested an accommodation; and (5) that the employer failed to provide the necessary accommodation. *Myers v. Cuyahoga County, Ohio*, 182 F.App'x. 510, 515 (6th Cir. 2006). Once a plaintiff establishes a *prima facie* case, the burden shifts to Defendant to demonstrate Plaintiff's proposed accommodation would pose an undue hardship. *Id.* at 516; *Johnson v. Cleveland City School Dist.*, 443 F.App'x. 974, 983 (6th Cir. 2011).

As discussed above in the wrongful termination analysis, Plaintiff fails to show that he is otherwise qualified for the position. Plaintiff's exclusion from insurance the Township's insurance coverage dooms his failure to accommodate claim.

Additionally, Plaintiff fails to meet his burden of proposing a reasonable accommodation. *See Johnson*, 443 F.App'x. at 983 ("[t]he employee also bears the burden of proposing reasonable accommodations; an employee's claim must be dismissed if the employee fails to

12

(5:16V1820)

identify and request such reasonable accommodation.") (citation omitted). Under the ADA, a reasonable accommodation means the following:

> (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
> (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9).

Although Plaintiff's proposed accommodation—shifts capped at ten hours with a ten hour break between shifts—meets Plaintiff's needs, it does not account for the fact that he was excluded from the Township's insurance coverage, and therefore, could not drive for even ten hours. Capping the length of Plaintiff's shifts does not make the Township vehicles accessible to Plaintiff, because such an accommodation does not resolve the insurance issue. In the words of Defendants, "Plaintiff was uninsurable regardless of whether the position was altered." ECF No. 45 at PageID #: 512. Accordingly, Plaintiff has not offered a reasonable accommodation.

As was the case with Plaintiff's disability discrimination claim, even assuming Plaintiff made out a *prima facie* case, Defendants have offered a legitimate reason for terminating Plaintiff, and Plaintiff, in turn, has not shown pretext.

**C. Aiding and Abetting**

13

(5:16V1820)

Plaintiff brings an aiding and abetting claim against Defendants Schweikert, Depasquale, Zaccardelli.[5]  R.C. § 4112.02(J) provides that it shall be unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt discreetly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

The aiding and abetting claim fails, because Plaintiff has not established an underlying violation.  See *Woolf v. City of Streetsboro*, No. 5:09-CV-1570, 2010 WL 4105550, at *15 (N.D.Ohio Oct. 18, 2010) (Gaughan, J.).  Plaintiff's disability discrimination and failure to accommodate claims fail, and therefore, there is no discriminatory practice for the individual Defendants to aid and abet.

### IV.  Conclusion

For the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment. A separate Judgment Entry will issue.

IT IS SO ORDERED.

 December 11, 2017    /s/ Benita Y. Pearson
Date                  Benita Y. Pearson
                      United States District Judge

---

[5] Plaintiff also originally sued Defendants Cuprak and Hayes in Count VI, but, as indicated above, this claim—the only remaining claim that involves individual liability—is dismissed as to those Defendants.  See ECF No. 35.